UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| BRIAN KEVIN GRAY, | ) | |
| Petitioner, | ) | 3:10-cv-00639-ECR-WGC |
| vs. | ) | |
| | ) | **ORDER** |
| DWIGHT NEVENS, *et al.*, | ) | |
| Respondents. | ) | |

This is a petition for writ of habeas corpus case pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. Before the court is respondents' motion to dismiss. (ECF No. 10.) Petitioner has opposed the motion (ECF No. 21), and respondents have replied (ECF No. 22).

**I.      Procedural History and Background**

On September 10, 2004, the State of Nevada filed an information in the Eighth Judicial District Court for the State of Nevada charging petitioner with one count of indecent exposure, six counts of lewdness with a child under the age of fourteen, and two counts of sexual assault with a minor under

1  fourteen years of age. (Exhibits to Mot. to Dismiss Ex. 9, ECF No. 11.)¹ At an arraignment held on
2  November 15, 2004, petitioner pleaded not guilty to all counts. (*Id.* Ex. 8.) On July 27, 2006, after a
3  three-day trial, the jury returned a verdict finding petitioner guilty of one count of indecent exposure
4  (count I), six counts of lewdness with a child under the age of fourteen (counts II-VII), one count of
5  attempted sexual assault with a minor under fourteen years of age (count VIII), and one count of sexual
6  assault with a minor under fourteen years of age (count IX). (*Id.* Ex. 65, ECF No. 12.) On September
7  21, 2006, the District Court sentenced petitioner to twelve months on count I; ten years to life on count
8  II, concurrent to count I; ten years to life on count III, consecutive to count II; ten years to life on count
9  IV, concurrent to count III; ten years to life on count V, concurrent to count IV; ten years to life on count
10 VI, consecutive to count V; ten years to life on count VII, concurrent to count VI; four to ten years on
11 count VIII, concurrent to count VII; and twenty years to life on count IX, consecutive to count VIII. (*Id.*
12 Ex. 67.) The judgment of conviction issued October 12, 2006. (*Id.* Ex. 68.) Petitioner appealed. (*Id.*
13 Ex 69.) On December 4, 2007, the Nevada Supreme Court affirmed petitioner's convictions. (*Id.* Ex.
14 85, ECF No. 13.)

15 On December 31, 2008, petitioner, appearing with representation of counsel, filed a post-
16 conviction petition in state court. (*Id.* Ex. 89.) Petitioner argued that his trial counsel was ineffective
17 on various grounds and that the trial court erred in several respects. (*Id.*) The District Court denied the
18 petition on May 8, 2009. (*Id.* Ex. 103, ECF No. 14)  Petitioner appealed. (*Id.* Ex. 104.) On April 8,
19 2010, the Nevada Supreme Court affirmed the District Court's decision. (*Id.* Ex. 120.) Remittitur issued
20 on May 6, 2010. (*Id.* Ex. 121.) Petitioner dispatched his petition for writ of habeas corpus to this court
21 on October 6, 2010 . (ECF No. 1.)

22 **II.   Discussion**

23 Respondents argue in their motion to dismiss that the petition must be dismissed as untimely.
24 In opposition to the motion to dismiss, petitioner argues that he relied on the advice of his state post-

---

¹ The exhibits referenced in this order are found in the court's record at ECF Nos. 11-14, which were filed with respondents' motion to dismiss.

conviction counsel who advised him that he had six months to file his federal petition from the date that remittitur issued from the Nevada Supreme Court in May 2010.

**A. Statute of Limitations**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Jeffries v. Wood*, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied*, 118 S.Ct. 586 (1997). The instant petition was filed on October 6, 2010, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A "properly filed application" is one in which the "delivery and acceptance are in compliance

with the applicable laws and rules governing filings." *Dictado v. Ducharme,* 244 F.3d 724, 726-27 (9th Cir. 2001) (quoting *Artuz v. Bennett,* 531 U.S. 4, 121 S.Ct. 361, 364 (2000)). Time limits on post-conviction petitions are "condition[s] to filing," such that an untimely petition would not be deemed "properly filed." *Pace v. DiGuglielmo,* 544 U.S. 408, 413 (2005). With respect to the filing of a federal petition for writ of habeas corpus, a *pro se* petitioner effectively files a federal petition when he delivers it to prison authorities for mailing to the court. *Stillman v. Lamarque,* 319 F.3d 1199, 1201 (9th Cir. 2003).

Under the provision applicable to this case, 28 U.S.C. § 2244(d)(1)(A), the statute of limitations began to run on the date the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. In this case, the District Court entered the judgment of conviction on October 12, 2006. The Nevada Supreme Court's order of affirmance on direct review was issued on December 4, 2007. Petitioner had ninety days from that date, until March 3, 2008, to seek certiorari with the United States Supreme Court. *Bowen v. Roe,* 188 F.3d 1157, 1158-60 (9th Cir. 1999). Petitioner's conviction became final on March 3, 2008, which is 90 days after the Nevada Supreme Court issued its order of affirmance. United States Supreme Court Rules, Rule 13(1). The AEDPA one-year statute of limitations began to run on March 4, 2008. Petitioner had until March 4, 2009, to file his federal habeas petition, unless time was otherwise tolled by federal statute.

Petitioner filed his petition for post-conviction relief in state court on December 31, 2008 – which is 302 days after his conviction became final. Under 28 U.S.C. § 2244(d)(2), the statute of limitations was tolled while the post-conviction petition remained pending in state court. On May 4, 2010, the Nevada Supreme Court issued remittitur, which concluded the post-conviction proceedings in state court. With 63 days remaining in his AEDPA one-year limitations period, the last day petitioner could have filed his federal petition in order for it to be timely was July 9, 2010. Petitioner mailed his petition for writ of habeas corpus in this court on October 6, 2010 – 89 days after the limitations period expired. Thus, petitioner's petition is untimely.

**B.     Equitable Tolling**

4

In addition to the statutory tolling provided in 28 U.S.C.§ 2244 (d)(1), the AEDPA limitations period is subject to equitable tolling. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010); *see Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds, Calderon v. United States District Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998). Equitable tolling is available only "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Beeler*, 128 F.3d at 1288.

*Tillema v. Long*, 253 F.3d 494 (9th Cir. 2001) contains a clear statement of the basic law governing equitable tolling of the AEDPA statute of limitations:

> As we have previously held, "[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999); *see also Calderon v. United States Dist. Court (Kelly)*, 128 F.3d 1283, 1288-89 (9th Cir. 1997), *overruled on other grounds by Calderon v. United States Dist. Court*, 163 F.3d 530 (9th Cir. 1998) (en banc) (petitioner entitled to equitable tolling where petitioner's counsel withdrew and left replacement counsel with unusable work product that made timely filing impossible); *Kelly*, 163 F.3d at 541-42 (petitioner entitled to equitable tolling because the district court ordered a stay preventing petitioner's counsel from filing a timely habeas petition and because petitioner was allegedly mentally incompetent).

*Tillema*, 253 F.3d at 504; *see also Holland v. Florida,* 130 S.Ct. 2549, 2562-63 (2010).

The Ninth Circuit Court of Appeals has also made clear that equitable tolling is unavailable in most cases. *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling is only appropriate "if *extraordinary* circumstances beyond a prisoner's control make it impossible to file a petition on time." *Miranda*, 292 F.3d at 1066 (quoting *Calderon v. United Stated Dist. Court (Beeler)*, 1289 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds by Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998)(*en banc*))(emphasis in original). "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Miranda*, 292 F.3d at 1066 (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.), *cert. denied*, 531 U.S. 878 (2000)).

The Supreme Court reiterated that "a petitioner is entitled to equitable tolling only if he shows:

'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S.Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Court made clear that the "exercise of a court's equity powers . . . . must be made on a case-by-case basis," while emphasizing "the need for flexibility" and "avoiding [the application of] mechanical rules." *Holland*, 130 S.Ct. at 2563 (internal quotations and citations omitted). In making a determination on equitable tolling, courts must "exercise judgment in light of prior precedent, but with awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." *Holland*, 130 S.Ct. at 2563.

Here, petitioner argues that he relied on the advice given to him by his state post-conviction counsel in calculating the amount of time remaining in which to file his federal habeas corpus petition. Specifically, petitioner attaches a letter from counsel which states that petitioner has "six months from the date of the remittitur to file for Federal Post Conviction relief." (ECF No. 21 Ex. 2.)

An attorney's miscalculation of the limitations period, in and of itself, does not justify equitable tolling. *Holland*, 130 S. Ct. at 2564. Where professional misconduct is asserted, "'a garden variety claim of excusable neglect'" . . . such as a simple miscalculation that leads a lawyer to miss a filing deadline . . . does not warrant equitable tolling." *Id.* (quoting *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990) and *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)). However, attorney misconduct may constitute an extraordinary circumstance entitling a petitioner to equitable tolling where the conduct is "sufficiently egregious." *Id.*; *Porter v. Ollison*, 620 F.3d 952, 959 (9th Cir. 2010); *Spitsyn v. Moore*, 345 F.3d 796, 800, 801 (9th Cir. 2003) (equitable tolling applied where attorney was hired nearly a full year in advance of the deadline but completely failed to prepare and file a petition, was contacted by petitioner and his mother numerous times by telephone and in writing, and retained the file beyond the expiration of the statute of limitations); *Ford v. Hubbard*, 330 F.3d 1086, 1106 (9th Cir. 2003), *vacated on other grounds sub nom., Pliler v. Ford*, 542 U.S. 225, 124 S. Ct. 2441, 159 L. Ed. 2d 338 (2004) (attorney moving out of state and leaving behind unusable work product for replacement counsel is an example of an attorney's failure to protect the client's interest that constitutes

egregious conduct justifying equitable tolling). Analyzing whether the statute of limitations should be equitably tolled is "highly fact-dependent." *Ford*, 330 F.3d at 1107.

In this case, petitioner seeks equitable tolling based solely on his prior-counsel's advice to him that had six months from May 2010 in which to file his federal habeas corpus petition. Although this legal advice, unfortunately, proved erroneous, without more, petitioner is not entitled to equitable tolling of the statute of limitations. In this instance, counsel's miscalculation of the filing deadline amounts to no more than a "garden variety claim of attorney negligence." *See Holland*, 130 S. Ct. at 2564 (internal quotation marks omitted). Petitioner fails to describe any other factual circumstances contributing to the untimely filing of his petition that would evidence the type of sufficiently egregious conduct on the part of counsel sufficient to warrant equitable tolling. Accordingly, the court declines to equitably toll the statute and dismisses the petition as untimely. [2]

### III. Certificate of Appealability

In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (quoting *Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* This court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The court will therefore deny petitioner a certificate of

---

[2] Respondents also argue that ground three of the petition is unexhausted, and thus, the petition should be dismissed as a mixed petition. Because the court finds that the petition is time-barred, it declines to reach this issue.

7

appealability.

## IV. Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 10) is **GRANTED**.

**IT IS FURTHER ORDERED** that the petition (ECF No. 4) is **DISMISSED IN ITS ENTIRETY**, as untimely.

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY**.

**IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT ACCORDINGLY**.

DATED this 8 day of September, 2011.

_Edward C. Reed_
UNITED STATES DISTRICT JUDGE