1
2
3
4
5
6
7
8
9
10
11

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

12  BRIAN KEVIN GRAY,                    )
                                        )
13          Petitioner,                 )       3:10-cv-00639-ECR-WGC
                                        )
14  vs.                                 )
                                        )       **ORDER**
15  DWIGHT NEVENS, *et al.,*            )
                                        )
16          Respondents.                )
    ────────────────────────────────────/

17

18          This is a petition for writ of habeas corpus case pursuant to 28 U.S.C. § 2254 in which petitioner,

19  a state prisoner, is proceeding *pro se*.  Before the court is respondents' motion to dismiss.  (ECF No. 10.)

20  Petitioner has opposed the motion (ECF No. 21), and respondents have replied (ECF No. 22).

21  **I.      Procedural History and Background**

22          On September 10, 2004, the State of Nevada filed an information in the Eighth Judicial District

23  Court for the State of Nevada charging petitioner with one count of indecent exposure, six counts of

24  lewdness with a child under the age of fourteen, and two counts of sexual assault with a minor under

25
26

1  fourteen years of age.  (Exhibits to Mot. to Dismiss Ex. 9, ECF No. 11.)[1]  At an arraignment held on

2  November 15, 2004, petitioner pleaded not guilty to all counts. (*Id.* Ex. 8.)  On July 27, 2006, after a

3  three-day trial, the jury returned a verdict finding petitioner guilty of one count of indecent exposure

4  (count I), six counts of lewdness with a child under the age of fourteen (counts II-VII), one count of

5  attempted sexual assault with a minor under fourteen years of age (count VIII), and one count of sexual

6  assault with a minor under fourteen years of age (count IX). (*Id.* Ex. 65, ECF No. 12.)  On September

7  21, 2006, the District Court sentenced petitioner to twelve months on count I; ten years to life on count

8  II, concurrent to count I; ten years to life on count III, consecutive to count II; ten years to life on count

9  IV, concurrent to count III; ten years to life on count V, concurrent to count IV; ten years to life on count

10  VI, consecutive to count V; ten years to life on count VII, concurrent to count VI; four to ten years on

11  count VIII, concurrent to count VII; and twenty years to life on count IX, consecutive to count VIII. (*Id.*

12  Ex. 67.)  The judgment of conviction issued October 12, 2006. (*Id.* Ex. 68.)  Petitioner appealed. (*Id.*

13  Ex 69.)  On December 4, 2007, the Nevada Supreme Court affirmed petitioner's convictions. (*Id.* Ex.

14  85, ECF No. 13.)

15      On December 31, 2008, petitioner, appearing with representation of counsel, filed a post-

16  conviction petition in state court. (*Id.* Ex. 89.)  Petitioner argued that his trial counsel was ineffective

17  on various grounds and that the trial court erred in several respects. (*Id.*)  The District Court denied the

18  petition on May 8, 2009. (*Id.* Ex. 103, ECF No. 14)  Petitioner appealed. (*Id.* Ex. 104.)  On April 8,

19  2010, the Nevada Supreme Court affirmed the District Court's decision. (*Id.* Ex. 120.)  Remittitur issued

20  on May 6, 2010. (*Id.* Ex. 121.)  Petitioner dispatched his petition for writ of habeas corpus to this court

21  on October 6, 2010 . (ECF No. 1.)

22  **II.   Discussion**

23      Respondents argue in their motion to dismiss that the petition must be dismissed as untimely.

24  In opposition to the motion to dismiss, petitioner argues that he relied on the advice of his state post-

25

26      [1]   The exhibits referenced in this order are found in the court's record at ECF Nos. 11-14, which were filed with respondents' motion to dismiss.

1    conviction counsel who advised him that he had six months to file his federal petition from the date that

2    remittitur issued from the Nevada Supreme Court in May 2010.

3    **A. Statute of Limitations**

4    On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996

5    (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed

6    after the date of its enactment. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Jeffries v. Wood*, 114 F.3d 1484,

7    1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on

8    October 6, 2010, and thus, it is subject to the provisions of the AEDPA.

9    The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal

10   petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d)

11   reads:

12       (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

13

14

15       (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

16

17       (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

18

19       (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

20

21

22       (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

23

24       (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

25

26

A "properly filed application" is one in which the "delivery and acceptance are in compliance

3

1   with the applicable laws and rules governing filings." *Dictado v. Ducharme,* 244 F.3d 724, 726-27 (9th

2   Cir. 2001) (quoting *Artuz v. Bennett,* 531 U.S. 4, 121 S.Ct. 361, 364 (2000)).  Time limits on post-

3   conviction petitions are "condition[s] to filing," such that an untimely petition would not be deemed

4   "properly filed." *Pace v. DiGuglielmo,* 544 U.S. 408, 413 (2005).  With respect to the filing of a federal

5   petition for writ of habeas corpus, a *pro se* petitioner effectively files a federal petition when he delivers

6   it to prison authorities for mailing to the court. *Stillman v. Lamarque,* 319 F.3d 1199, 1201 (9th Cir.

7   2003).

8          Under the provision applicable to this case, 28 U.S.C. § 2244(d)(1)(A), the statute of

9   limitations began to run on the date the judgment became final by the conclusion of direct review or the

10  expiration of the time for seeking such review.  In this case, the District Court entered the judgment of

11  conviction on October 12, 2006.  The Nevada Supreme Court's order of affirmance on direct review was

12  issued on December 4, 2007.  Petitioner had ninety days from that date, until March 3, 2008, to seek

13  certiorari with the United States Supreme Court. *Bowen v. Roe,* 188 F.3d 1157, 1158-60 (9th Cir. 1999).

14  Petitioner's conviction became final on March 3, 2008, which is 90 days after the Nevada Supreme

15  Court issued its order of affirmance.  United States Supreme Court Rules, Rule 13(1).  The AEDPA

16  one-year statute of limitations began to run on March 4, 2008.  Petitioner had until March 4, 2009, to

17  file his federal habeas petition, unless time was otherwise tolled by federal statute.

18         Petitioner filed his petition for post-conviction relief in state court on December 31, 2008 –

19  which is 302 days after his conviction became final.  Under 28 U.S.C. § 2244(d)(2), the statute of

20  limitations was tolled while the post-conviction petition remained pending in state court.  On May 4,

21  2010, the Nevada Supreme Court issued remittitur, which concluded the post-conviction proceedings

22  in state court.  With 63 days remaining in his AEDPA one-year limitations period, the last day petitioner

23  could have filed his federal petition in order for it to be timely was July 9, 2010.  Petitioner mailed his

24  petition for writ of habeas corpus in this court on October 6, 2010 – 89 days after the limitations period

25  expired.  Thus, petitioner's petition is untimely.

26         **B.**     **Equitable Tolling**

4

1       In addition to the statutory tolling provided in 28 U.S.C.§ 2244 (d)(1), the AEDPA limitations

2   period is subject to equitable tolling. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010); *see Calderon*

3   *v. United States District Court* (*Beeler*), 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other*

4   *grounds*, *Calderon v. United States District Court* (*Kelly*), 163 F.3d 530 (9th Cir. 1998). Equitable

5   tolling is available only "if extraordinary circumstances beyond a prisoner's control make it impossible

6   to file a petition on time." *Beeler*, 128 F.3d at 1288.

7       *Tillema v. Long*, 253 F.3d 494 (9th Cir. 2001) contains a clear statement of the basic law

8   governing equitable tolling of the AEDPA statute of limitations:

9               As we have previously held, "[w]hen external forces, rather
10          than a petitioner's lack of diligence, account for the failure to file a
            timely claim, equitable tolling of the statute may be appropriate."
            *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999); *see also*
11          *Calderon v. United States Dist. Court (Kelly)*, 128 F.3d 1283, 1288-
            89 (9th Cir. 1997), *overruled on other grounds by Calderon v. United*
12          *States Dist. Court*, 163 F.3d 530 (9th Cir. 1998) (en banc) (petitioner
            entitled to equitable tolling where petitioner's counsel withdrew and
13          left replacement counsel with unusable work product that made
            timely filing impossible); *Kelly*, 163 F.3d at 541-42 (petitioner
14          entitled to equitable tolling because the district court ordered a stay
            preventing petitioner's counsel from filing a timely habeas petition
15          and because petitioner was allegedly mentally incompetent).

16  *Tillema*, 253 F.3d at 504; *see also Holland v. Florida*, 130 S.Ct. 2549, 2562-63 (2010).

17      The Ninth Circuit Court of Appeals has also made clear that equitable tolling is unavailable

18  in most cases. *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002); *Miles v. Prunty*, 187 F.3d 1104,

19  1107 (9th Cir. 1999). Equitable tolling is only appropriate "if *extraordinary* circumstances beyond a

20  prisoner's control make it impossible to file a petition on time." *Miranda*, 292 F.3d at 1066 (quoting

21  *Calderon v. United Stated Dist. Court (Beeler)*, 1289 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part*

22  *on other grounds by Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998)(*en*

23  *banc*))(emphasis in original). "Indeed, 'the threshold necessary to trigger equitable tolling [under

24  AEDPA] is very high, lest the exceptions swallow the rule.'" *Miranda*, 292 F.3d at 1066 (quoting *United*

25  *States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.), *cert. denied*, 531 U.S. 878 (2000)).

26      The Supreme Court reiterated that "a petitioner is entitled to equitable tolling only if he shows:

5

'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S.Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Court made clear that the "exercise of a court's equity powers . . . . must be made on a case-by-case basis," while emphasizing "the need for flexibility" and "avoiding [the application of] mechanical rules." *Holland*, 130 S.Ct. at 2563 (internal quotations and citations omitted). In making a determination on equitable tolling, courts must "exercise judgment in light of prior precedent, but with awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." *Holland*, 130 S.Ct. at 2563.

Here, petitioner argues that he relied on the advice given to him by his state post-conviction counsel in calculating the amount of time remaining in which to file his federal habeas corpus petition. Specifically, petitioner attaches a letter from counsel which states that petitioner has "six months from the date of the remittitur to file for Federal Post Conviction relief." (ECF No. 21 Ex. 2.)

An attorney's miscalculation of the limitations period, in and of itself, does not justify equitable tolling. *Holland*, 130 S. Ct. at 2564. Where professional misconduct is asserted, "'a garden variety claim of excusable neglect'" . . . such as a simple miscalculation that leads a lawyer to miss a filing deadline . . . does not warrant equitable tolling." *Id.* (quoting *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990) and *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)). However, attorney misconduct may constitute an extraordinary circumstance entitling a petitioner to equitable tolling where the conduct is "sufficiently egregious." *Id.*; *Porter v. Ollison*, 620 F.3d 952, 959 (9th Cir. 2010); *Spitsyn v. Moore*, 345 F.3d 796, 800, 801 (9th Cir. 2003) (equitable tolling applied where attorney was hired nearly a full year in advance of the deadline but completely failed to prepare and file a petition, was contacted by petitioner and his mother numerous times by telephone and in writing, and retained the file beyond the expiration of the statute of limitations); *Ford v. Hubbard*, 330 F.3d 1086, 1106 (9th Cir. 2003)*, vacated on other grounds sub nom., Pliler v. Ford*, 542 U.S. 225, 124 S. Ct. 2441, 159 L. Ed. 2d 338 (2004) (attorney moving out of state and leaving behind unusable work product for replacement counsel is an example of an attorney's failure to protect the client's interest that constitutes

1   egregious conduct justifying equitable tolling). Analyzing whether the statute of limitations should be

2   equitably tolled is "highly fact-dependent." *Ford*, 330 F.3d at 1107.

3        In this case, petitioner seeks equitable tolling based solely on his prior-counsel's advice to him

4   that had six months from May 2010 in which to file his federal habeas corpus petition.  Although this

5   legal advice, unfortunately, proved erroneous, without more, petitioner is not entitled to equitable tolling

6   of the statute of limitations.  In this instance, counsel's miscalculation of the filing deadline amounts to

7   no more than a "garden variety claim of attorney negligence." *See Holland*, 130 S. Ct. at 2564 (internal

8   quotation marks omitted). Petitioner fails to describe any other factual circumstances contributing to the

9   untimely filing of his petition that would evidence the type of sufficiently egregious conduct on the part

10  of counsel sufficient to warrant equitable tolling.  Accordingly, the court declines to equitably toll the

11  statute and dismisses the petition as untimely. [2]

12  **III.  Certificate of Appealability**

13       In order to proceed with an appeal, petitioner must receive a certificate of appealability.  28

14  U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski*, 435 F.3d 946, 950-951 (9th

15  Cir. 2006); *see also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).   Generally, a

16  petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a

17  certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

18  "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of

19  the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484).  In order to meet

20  this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among

21  jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to

22  deserve encouragement to proceed further. *Id.*  This court has considered the issues raised by petitioner,

23  with respect to whether they satisfy the standard for issuance of a certificate of appealability, and

24  determines that none meet that standard.   The court will therefore deny petitioner a certificate of

25  _____

26       [2] Respondents also argue that ground three of the petition is unexhausted, and thus, the petition
     should be dismissed as a mixed petition.  Because the court finds that the petition is time-barred, it
     declines to reach this issue.

1   appealability.

2   **IV.  Conclusion**

3      **IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 10) is

4   **GRANTED**.

5      **IT IS FURTHER ORDERED** that the petition (ECF No. 4) is **DISMISSED IN ITS**

6   **ENTIRETY**, as untimely.

7      **IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF**

8   **APPEALABILITY**.

9      **IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT**

10  **ACCORDINGLY**.

11

12      DATED this __8__ day of __September__, 2011.

13

14      _Edward C. Reed_

15      UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26